# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2010

No. 10-50091
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL ARVID CANTU, also known as Victor Alarcon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-27-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raul Arvid Cantu appeals his 37-month sentence imposed following his guilty plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326. He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data. Cantu also argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). He contends that a sentence below the guidelines is sufficient because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the 16-level enhancement was based on a 25-year old conviction; his personal belongings were stolen from his apartment after his arrest; and he was rehabilitated.

As Cantu concedes, his argument that the presumption of reasonableness does not apply because § 2L1.2 is not empirically-based is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009), and *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008).

Cantu's substantive reasonableness argument is likewise unavailing. Cantu's arguments fail to overcome the presumption of reasonableness that attaches to his within-guidelines sentence. *See Duarte*, 569 F.3d at 529-31. Furthermore, Cantu's belief that the mitigating factors presented for the district court's consideration at sentencing should have been balanced differently is insufficient to disturb the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.